IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORI POLKE, <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA STAGE, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br><br> _____ |

## COMPLAINT

COMES NOW, Lori Polke, by and through undersigned counsel, and brings this action against Georgia Stage, LLC, and states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA") alleging that Defendant (1) failed to pay Plaintiff the correct amount of overtime wages during her employment; (2) discriminated against Plaintiff by paying her at a rate less than the rate at which Defendant paid one or more employees of the opposite sex for equal work; and (3) retaliated against Plaintiff for engaging in protected activity.

**JURISDICTION AND VENUE**

2. This Court exercises original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and LR 3.1(B), NDGa. because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Atlanta Division of the Northern District of Georgia.

**PARTIES**

4. Plaintiff resides in Gwinnett County, Georgia.

5. Defendant maintains its principle office at 3675 Peachtree Crest Drive, Duluth, Georgia 30097, as listed with the Georgia Secretary of State.

6. Defendant may be served with process by delivering a copy of the complaint and summons to its registered agent, Douglas P. Krevolin of Krevolin & Horst, LLC, located at 1201 West Peachtree Street, Suite 3250, Atlanta, Georgia 30309.

7. Defendant employed Plaintiff, who engaged in interstate commerce or the production of goods for interstate commerce.

8. Defendant "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i).

9. Defendant "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(ii).

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS**

10. Defendant is engaged in the business of manufacturing and selling theatrical, stage, and church drapery and curtains, and selling, distributing, and installing stage and theatrical curtains and fabrics, stage curtain track, stage rigging, and related products.

11. Defendant hired Plaintiff on or about August 23, 2011, as a Sales Assistant.

12. During 2011, Plaintiff worked for Defendant at its office located at 4153 Lawrenceville Highway, Suite 12, Lilburn, Georgia 30047.

13. As a Sales Assistant, Plaintiff received wages at an hourly rate of $15.00 per hour.

14. A copy of one of Plaintiff's paychecks from a pay period during which she was a Sales Assistant is attached as Exhibit A.

15. Exhibit A shows wages paid to Plaintiff at a rate of $15.00 per hour.

16. As a Sales Assistant, Plaintiff received calls and emails from potential or existing customers, took messages, and delivered those messages to her supervisors.

17. Plaintiff filled in for the receptionist when the receptionist took breaks.

18. Plaintiff took credit card information from customers and completed credit card transactions.

19. Plaintiff assembled and retrieved files that included price quotes, order information, and credit authorizations for her supervisors.

20. Plaintiff tracked Defendant's fleece inventory.

21. Plaintiff entered product information into Defendant's database and verified shipping information.

22. In approximately late September of 2011, Defendant moved its office to 3675 Peachtree Crest Drive, Duluth, Georgia 30097.

23. Along with Defendant's other employees, Plaintiff assisted with Defendant's relocation in addition to her regular duties.

24. On or about January 1, 2012, Defendant transitioned Plaintiff to the role of Salesperson.

25. As a Salesperson, Plaintiff received wages at a fixed rate $35,000.00 per year.

26. A copy of Plaintiff's paycheck for the two-week period ending April 27, 2012, during which Plaintiff was a Salesperson, is attached as Exhibit B.

27. Exhibit B shows a gross payment of $1,346.15.

28. On or about July 1, 2012, Defendant raised Plaintiff's wages to a fixed rate of $40,000.00 per year.

29. At times relevant to this action, Plaintiff was the only female Salesperson at Defendant's Duluth, Georgia location. At other times relevant, Plaintiff was one of two female members of the sales team.

30. As a Salesperson, Plaintiff performed many of the same duties she performed as a Sales Assistant, but also generated price quotes on her own for various orders.

31. Defendant notified Plaintiff that the Defendant's core business hours were from 8:00 a.m. until 5:00 p.m., Monday through Friday.

32. Plaintiff did not clock in or out of work while she worked as a Sales Assistant, nor did she clock in or out as a Salesperson.

33. Defendant failed to maintain accurate time records of all hours worked by Plaintiff.

34. Therefore, Defendant violated the record-keeping provision of the FLSA, 29 U.S.C. § 211(c).

**COUNT ONE:  DEFENDANT'S WILLFUL FAILURE TO PAY OVERTIME**

35. Plaintiff regularly worked in excess of 40 hours per workweek.

36. Defendant knew that Plaintiff worked in excess of 40 hours per week during certain workweeks.

37. Defendant determined Plaintiff's job duties.

38. Defendant required Plaintiff to perform job duties that required work outside of Defendant's core business hours.

39. For example, Defendant gave Plaintiff the resumes of hundreds of job applicants that she was expected to review over the course of several weekends.

40. Defendant failed to pay Plaintiff at a rate of not less than one and one-half times her regular rate for hours in excess of forty per week.

41. Defendant's violations of the FLSA's overtime provision, 29 U.S.C. § 207, were willful.

**COUNT TWO:  DEFENDANT'S WILLFUL DISCRIMINATION AGAINST PLAINTIFF IN VIOLATION OF THE EQUAL PAY ACT**

42. Defendant discriminated against Plaintiff with respect to her wages.

43. Defendant paid Plaintiff at a rate less than the rate at which Defendant paid one or more male employees for equal work.

44. For example, in 2012, Defendant hired Brian Rehkopf, a male employee.

45. Mr. Rehkopf worked as a Salesperson and performed the same sales-related tasks performed by Plaintiff.

46. Mr. Rehkopf received calls, made price quotes, and processed transactions.

47. Plaintiff helped train Mr. Rehkopf to perform sales duties related to Defendant's drapery sales because Mr. Rehkopf did not have experience in drapery sales.

48. Despite having more experience in drapery sales and a longer employment history with Defendant, Plaintiff received wages at a lower rate than Mr. Rehkopf.

49. By way of further example, during Defendant's relocation in 2011, one or more of the male employees who assisted with the relocation were paid bonuses.

50. Plaintiff, however, did not receive a bonus for performing the same or similar work.

51. Defendant's violations of the FLSA's provision prohibiting gender-based wage discrimination, 29 U.S.C. § 206(d), ("Equal Pay Act") were willful.

## COUNT THREE: DEFENDANT'S RETALIATION AGAINST PLAINTIFF IN VIOLATION OF THE FLSA

52. Plaintiff notified Defendant that her wages were inadequate due to the high volume of work she was expected to complete and the long hours she was required to work.

53. For example, on several occasions, Defendant required Plaintiff to attend trade shows outside of Defendant's core business hours.

54. Plaintiff notified Defendant that she believed she should be paid for the additional hours she worked during trade shows.

55. Plaintiff's notice to Defendant of the inadequacy of her wages constituted statutorily protected conduct under the FLSA.

56. On January 28, 2013, Defendant terminated Plaintiff's employment.

57. At the time of her termination, Plaintiff notified Defendant that she believed she was not properly compensated for her work.

58. Defendant accused Plaintiff of seeking employment at another company because she believed she was inadequately compensated.

59. Defendant then instructed Plaintiff to leave the premises and that her belongings would be sent to her at a later date. Plaintiff responded by insisting on collecting her own belongings.

60. Defendant's termination of Plaintiff was directly related to her protected activity.

61. Defendant subsequently contacted one of Plaintiff's prospective employers to notify the employer of a non-competition agreement Plaintiff executed during her employment with Defendant.

62. The prospective employer was one of Defendant's vendors, and therefore, not in direct competition with Defendant.

63. Defendant's contact with Plaintiff's prospective employer was intended to deter the prospective employer from hiring Plaintiff.

64. Defendant's contact with Plaintiff's prospective employer was directly related to her protected activity.

65. Defendant's retaliation was punishment for Plaintiff's statutorily protected conduct.

66. Defendant's retaliation against Plaintiff violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

67. As a direct and proximate result of Defendant's retaliation against Plaintiff for engaging in statutorily protected opposition to Defendant's violations of the FLSA, Plaintiff suffered the loss of past and future income and employee benefits and emotional distress.

**DEMAND FOR JUDGMENT**

Plaintiff respectfully prays that:

I.  The Court enter judgment in favor of Plaintiff;

II. The Court enter judgment against Defendant that its violations of the FLSA were willful;

III. The Court award Plaintiff all unpaid wages as provided for by the FLSA;

IV. The Court award Plaintiff liquidated damages equal to the amount of all unpaid wages as provided for by the FLSA;

V. The Court award Plaintiff any "such legal or equitable relief as may be appropriate to effectuate the purpose of Section 215(a)(3)" pursuant to 29 U.S.C. § 216(b);

VI. The Court award Plaintiff compensatory damages for Defendant's flagrant violation of the anti-retaliation provision of the FLSA;

VII. The Court award Plaintiff back pay, front pay, and liquidated damages for Defendant's flagrant violation of the anti-retaliation provision of the FLSA;

VIII. The Court award Plaintiff reasonable costs and attorney's fees as provided for by the FLSA; and

IX. Plaintiff receive such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.


Respectfully submitted:  April 12, 2013.

|  |  |
|---|---|
| MAYS & KERR LLC<br>229 Peachtree Street<br>International Tower \| Suite 980<br>Atlanta, Georgia 30303<br>Telephone:  (404) 410-7998<br>Facsimile:    (404) 855-4066<br>john@maysandkerr.com<br>jeff@maysandkerr.com | s/John L. Mays<br>John L. Mays, Esq.<br>Georgia Bar No. 986574<br>Jeff Kerr, Esq.<br>Georgia Bar No. 634260<br><br><br>Counsel for Plaintiff |