IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORI POLKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGIA STAGE, LLC; GEORGIA STAGE, INC.; GS ACQUISITION, LLC; and RICHARD KRESS,<br><br>　　　　　Defendants. | CIVIL ACTION NO.<br><br>1:13-CV-01212-JOF |

## JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND STIPULATED DISMISSAL WITH PREJUDICE

Plaintiff Lori Polke and Georgia Stage, LLC; Georgia Stage, Inc.; GS Acquisition, LLC; And Richard Kress ("Defendants"), having reached a settlement and stipulated to the dismissal of this action, respectfully request judicial review and approval of the negotiated settlement between the parties and entry of their stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a), showing as follows:

1.　　**INTRODUCTION**

On April 12, 2013, Plaintiff filed her Complaint against Georgia Stage, LLC (ECF No. 1) asserting violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA"). On August 14, 2013, Plaintiff filed her

1

Amended Complaint (ECF No. 20) to add Georgia Stage, Inc.; GS Acquisition, LLC; And Richard Kress. On September 10, 2013, Defendants asserted several counterclaims (ECF No. 27). On September 30, 2013, the parties submitted to mediation before A. Lee Parks, Jr. of Parks, Chesin & Walbert, PC and reached a negotiated settlement, which was memorialized and signed by the parties at mediation. Subsequently, the parties finalized the terms of the negotiated settlement and executed a Settlement Agreement (attached as Exhibit A). The parties now seek the Court's approval of the Settlement Agreement and entry of their stipulation of dismissal of all claims and counterclaims.

2.      **ARGUMENT AND CITATION TO AUTHORITY**

"Only two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor; the other is pursuant to 'a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Silva v. Miller,* 307 Fed. App'x. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor,* 679 F.2d 1350, 1354 (11th Cir. 1982)) (internal citations omitted). "To fully

implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise)." *Wingrove v. D.A. Technologies, Inc.*, 1:10-CV-3227-HLM, 2011 WL 7324219, *2 (N.D. Ga. Feb. 14, 2011) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). When evaluating fairness in FLSA settlements, courts have used the factors for evaluating the fairness of a settlement in a class action. *See, e.g, Dees*, 706 F. Supp. 2d at 1241; *and Pessoa v. Countrywide Home Loans, Inc.*, 2007 WL 1017577, *3 (M.D. Fla. Apr. 2, 2007). These factors include "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). "If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise)." *Wingrove*, 2011 WL 7324219 at *2 (quoting *Dees*, 706 F. Supp. 2d at 1241).

### 2.1.   There Exists a Bona Fide Dispute.

"[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute. The parties' motion (or presentation at a hearing) must describe the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise." *Dees*, 706 F. Supp. 2d at 1241. For the Court's convenience, the parties submit the following summary of the dispute:

Defendants are in the business of selling theatrical products. Plaintiff was hired in August of 2011 to work as an assistant in Defendants' sales department. It is disputed whether Plaintiff received wages at an hourly rate or on a salary basis during 2011. In 2012, Plaintiff transitioned to a sales role and was paid a salary, though the parties dispute Plaintiff's title and job duties and responsibilities during this time. In January of 2013, Defendants terminated Plaintiff's employment. The parties dispute the basis for the termination. Plaintiff contends, and Defendants dispute, that (1) Plaintiff worked hours in excess of 40 per week for which she was not properly compensated; (2) Plaintiff was paid less for performing equal work than her male counterpart; and (3) Plaintiff was terminated as a result of her complaints regarding her compensation.

### 2.2.   The Settlement Is Fair and Reasonable.

"When an employee brings a private action under the FLSA and presents a proposed settlement agreement to the district court, 'the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *King v. Southern Neurophysiology, LLC*, No. 2:12-CV-00217-WCO (N.D. Ga. April 18, 2013) (quoting *Lynn's Food Stores*, 679 F.2d at 1353). Here, the Agreement was reached in good faith, arms-length negotiations and constitutes a fair resolution of Plaintiff's claims. Defendants dispute their liability in this case and claim that Plaintiff was paid for all hours worked and terminated for a legitimate reason. Both parties are prepared to pursue discovery, and ultimately, file dispositive motions over some or all of the claims or defenses in this case.

The parties have exchanged extensive discovery and evaluated relevant evidence. With the guidance of an experienced mediator, the parties have analyzed the potential range of loss in this case, and dispute the proper amount of damages to be awarded to the Plaintiff, if Plaintiff were successful at trial. All counsel and parties are satisfied that they have had sufficient opportunities to evaluate and consider the viability of claims and defenses raised in this case.

The parties have compromised their claims and defenses in amounts mutually agreeable. Plaintiff has taken into account the risk in proceeding,

i.e., that certain evidence may allow a jury to find that the Defendants did not violate, much less willfully, the FLSA. Moreover, there is a risk in the collectability of any judgment against a small business; that is, Plaintiff might not receive the full damages that she seeks if the matter fully proceeded to trial given the length of time and expense that litigation will bring. Accordingly, the parties desire to resolve this dispute, avoiding the costs and uncertainty of any trial.

The Court has not resolved the issue of liability, much less damages, before the parties' compromise of these claims. Plaintiff has accepted $80,000.00 as a compromise and settlement of all claims, to cover any alleged unpaid wages, compensatory, and liquidated damages, inclusive of attorneys' fees and costs related to this action. Counsel for the parties, who are experienced in the prosecution and defense of employment cases, believe that the settlement amount is fair and reasonable in these circumstances. The manner in which potential damages were to be calculated with respect to Plaintiff remained an issue of dispute between the parties. Multiple communications were exchanged between counsel regarding the merits of this action and issues relating to Plaintiff's FLSA claims. Plaintiff has been advised in writing of the terms of the proposed settlement, and undersigned counsel for Plaintiff reports that Plaintiff does

not object to the proposed settlement. In the opinion of counsel for Plaintiff, who is experienced in both prosecuting and defending cases such as this, the value of the settlement is fair in light of the facts and special circumstances unique to this case.

The parties have also reached an agreement with respect to statutory attorney fee-shifting and cost claims. Here, the attorney's fee "conforms with the fee contract." *King*, No. 2:12-CV-00217-WCO, at 2 (N.D. Ga. April 18, 2013) (approving settlement and attorney's fee in an FLSA case in which counsel used the same fee contract and method of calculation). Plaintiff's request for attorney's fees is $32,000.00, which is calculated according to the 40% contingency fee contract she executed with her counsel, and her request for costs is limited to the costs of filing, service of process, and certain costs incurred during discovery, such as deposition transcripts, totaling $3,000.00. Furthermore, Plaintiff's counsel has "avoided the potential conflict of interest that the court has noted in previous FLSA cases by negotiating a lump-sum settlement amount and then following the provisions of the fee contract to determine the amount of the fee." *Id*. at 2-3. There is no objection by Defendants as to the amount of fees and costs. Given the amount of discovery that has taken place, along with the pre-suit investigation and time associated with mediation

and settlement, counsel for the parties submit that the amount of attorney's fees is reasonable on its face.

### 2.3. The Settlement Does Not Frustrate the Implementation of the FLSA.

"[S]everal factors may commend rejecting a proposed compromise, including the presence of other employees situated similarly to the claimant, a likelihood that the claimant's circumstance will recur, a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Dees*, 706 F. Supp. 2d at 1244. These factors are not present in this case. The parties are not aware of any other employees who have similar claims or any history of non-compliance with the FLSA. Furthermore, because Defendants no longer employ Plaintiff, her circumstance is unlikely to recur. The agreement has been filed publicly with the Court, and the release of claims does not require the prospective waiver of any statutory rights.

### 3. CONCLUSION

The parties believe that compromise is fair and reasonable to Plaintiff and does not otherwise impermissibly frustrate implementation of

the FLSA. The likely expense and duration of this litigation is substantial and adverse to the interests of the parties. Accordingly, the parties respectfully make this joint request that the Court approve the negotiated settlement agreement and enter an order approving the stipulated dismissal of Plaintiff's claims and Defendants' counterclaims with prejudice.

Respectfully submitted:  October 11, 2013.

|  | s/ John L. Mays |
|---|---|
| MAYS & KERR LLC | John L. Mays, Esq. |
| 235 Peachtree Street NE | Georgia Bar No. 986574 |
| North Tower \| Suite 202 | Jeff Kerr, Esq. |
| Atlanta, Georgia 30303 | Georgia Bar No. 634260 |
| Telephone:   (404) 410-7998 | |
| Facsimile:    (404) 855-4066 | |
| john@maysandkerr.com | |
| jeff@maysandkerr.com | Counsel for Plaintiff |

|  | s/ Jonathan E. Hawkins |
|---|---|
| KREVOLIN & HORST, LLC | Jonathan E. Hawkins, Esq. |
| 1201 W. Peachtree Street, N.W. | Georgia Bar No. 338779 |
| Suite 3250, One Atlantic Center | A. Jarrod Jenkins, Esq. |
| Atlanta, Georgia 30309 | Georgia Bar No. 466268 |
| (404) 888-9700 | |
| (404) 888-9755 (facsimile) | |
| hawkins@khlawfirm.com | |
| jenkins@khlawfirm.com | Counsel for Defendants |